UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

AMY RYNTZ and ASHLEE SCHOEN,

                Plaintiffs,           Case No. 23-cv-

                                              Hon.

v.

WARREN CONSOLIDATED SCHOOLS,

                Defendant.
_____/
ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorney for Plaintiff
38701 Seven Mile Rd., Suite 130
Livonia, MI 48152
(734)744-7002
eric@stempien.com

NADINE DABAJA (P85734)
Attorney for Plaintiff
835 Mason St., Suite A-310
Dearborn, MI 48124
(313) 415-9554
Ndabaja2@gmail.com
_____/

**PLAINTIFFS' COMPLAINT AND JURY DEMAND**

      Plaintiffs, Amy Ryntz and Ashlee Schoen, by and through their attorneys, Stempien Law, PLLC, hereby complain against Defendant Warren Consolidated Schools, and in support thereof state:

1

## JURISDICTION, PARTIES, AND VENUE

1. Plaintiff Amy Ryntz, ("Ryntz" or "Plaintiff") is a resident of St. Clair Shores, Macomb County, Michigan.

2. Plaintiff Ashlee Schoen, ("Schoen" or "Plaintiff") is a resident of Grosse Ile, Wayne County, Michigan.

3. Defendant Warren Consolidated Schools ("WCS" or "Defendant") is a public school district serving the cities of Warren, Sterling Heights, and Troy and headquartered in Warren, Michigan.

4. This is an action for violations of the Equal Pay Act, Title IX, and the Elliott-Larsen Civil Rights Act, arising out of Plaintiffs' employment relationship with Defendants.

5. Plaintiffs' claims arise out of Defendant's discrimination against Plaintiffs on the basis of their gender by providing them with less compensation and depriving them of employment opportunities relative to similarly situated male employees of Defendant.

6. This court has subject matter jurisdiction over the Equal Pay Act and Title IX claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, as this is a civil action arising under the laws of the United States. This court has pendent

jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' claims under the Elliott-Larsen Civil Rights Act.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391.

## BACKGROUND FACTS

8. Plaintiffs hereby incorporate by reference all paragraphs of this Complaint as if fully set forth herein.

9. Defendant's employees who serve as teachers are unionized employees and are members of the Warren Education Association ("Union").

10. Plaintiff Ryntz was employed by Defendant, beginning employment on January 3, 2000.

11. Plaintiff Schoen was employed by Defendant, beginning employment in July 2002.

12. Plaintiff Ryntz was employed as a contract teacher, primarily teaching courses in the Social Studies department at Sterling Heights High School.

13. Plaintiff Schoen was employed as a contract teacher, primarily teaching courses in the English and Social Studies departments at Sterling Heights High School.

14. During the course of Plaintiffs' employment and relative to the allegations in this Complaint, Craig Miller, Jason Kluzak and Elizabeth Iljkoski served as

Scheduling Assistant Principals responsible for creating and maintaining teacher schedules.

15. Part of Kluzak and Iljkoski's responsibility was to assign "overages" to teachers, which meant that extra students were placed in the teacher's course. Teachers were provided additional compensation for overage assignments.

16. During the course of their employment, Plaintiffs rarely received overage assignments.

17. During the course of their employment, Kluzak and Iljkoski continuously assigned overages to Plaintiffs' male colleagues in their respective departments, including Steve Fiodellisi, David Cutlip, Eric Walivaara, Kevin Koburg, Eric Wachterhauser, Michael Brook, Scott Zmija, and Kevin Bullis.

18. During the 2021-22 and 2022-23 school years, Plaintiff Ryntz taught courses that did not reach full capacity of students.

19. During the 2021-22 and 2022-23 school years, Kluzak assigned overages to Plaintiff Ryntz' male colleagues, including Michael Brook, but did not assign overages to Plaintiff Ryntz.

20. In the Spring of 2021, Kluzak reassigned Criminal and Civil Law, a course created Plaintiff Ryntz and taught exclusively by Plaintiff Ryntz for many years, to Michael Brook and also assigned overages to the course.

21. Plaintiff Ryntz had a broader educational background than Michael Brook and was rated as "highly qualified."

22. Kluzak also assigned overages to Kevin Bullis, Kevin Koburg and Eric Wachterhauser, Plaintiff Schoen's male colleagues who had similar credentials but did not contribute to departmental meetings continuously received preferential treatment in scheduling, pay and assignments.

23. During the COVID-19 pandemic, while teachers were teaching courses virtually and in person, Defendant offered additional compensation to male teachers to teach an additional course during their planning period.

24. Plaintiffs were never given the opportunity to receive additional compensation for teaching a course during their planning period.

25. Defendant also assigned overages to male teachers who were assigned a course to teach during their planning period, while Plaintiffs received no such opportunities.

26. In the Fall of 2021, Defendant assigned David Luedtke, a male teacher, a course to teach during his planning period for which he received additional compensation while taking a planned, extended medical leave of absence.

27. During the Fall of 2020, Defendant did not assign a course for Plaintiff Ryntz to teach during her planning period, although Plaintiff Ryntz had been

employed by Defendants for a longer period of time, had better qualifications, and had been teaching American History for many years.

28. Defendant did not assign a course for Plaintiff Schoen to teach during her planning period, although Plaintiff Schoen was qualified and had the capability to do so. Plaintiff Schoen also had equal or more experience than male counterparts who were assigned a course to teach during their planning period.

29. During the course of Plaintiffs' employment, Defendant continuously demonstrated preferential treatment to male teachers by providing them with opportunities for additional compensation and making frequent and disruptive changes to Plaintiffs' course schedules while maintaining those of male teachers.

30. Plaintiffs reported the preferential treatment of male teachers and lack of opportunity for additional compensation to Defendants and were repeatedly ignored.

31. In December of 2022, Plaintiffs filed a grievance through the Union against Defendant.

32. In December of 2021, Plaintiffs met with Union representatives to assert complaints regarding the discriminatory practices surrounding the unequal pay and preferential treatment within the Social Studies Department at

Sterling Heights High School. Union representatives directed Plaintiffs to Defendant's Human Resources Director.

33. Human Resources Director Jennifer Grigg informed the Union that Defendant did not "find validity in the depth and breadth of [her] claims."

34. Plaintiff Ryntz met with Grigg in February 2022. Plaintff Schoen met with Grigg in April 2022.

35. Defendant made no changes to its discriminatory practices after Plaintiffs made their reports to Defendant.

## COUNT I
## VIOLATION OF THE EQUAL PAY ACT AS TO PLAINTIFF RYNTZ

36. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

37. Defendant has discriminated against Plaintiff Ryntz within the meaning of the Equal Pay Act of 1963 ("EPA") by providing her with lower pay than similarly situated male colleagues on the basis of her gender, female, even though Plaintiff performed similar duties and/or was qualified to perform similar duties requiring the same skill, effort, and responsibility of male counterparts.

38. Plaintiff is an "employee" as defined by 29 USC § 203(e); 29 USC § 206(a); 29 USC § 206(d); 29 CFR § 1620.1.

39. Defendant is an "employer" as defined by 29 USC § 203(d).

40. Plaintiff is a female employee who receives and continues to receive less compensation than similarly situated male employees for performing substantially equal work that requires equal skill, effort, and responsibility, and was/is performed under similar working conditions.

41. Defendant violated the EPA by paying lower wages to Plaintiff Ryntz, a female employee, than it paid to male employees for equal work that required equal skill, effort, and responsibility and that were/are performed under similar working conditions. *See* 29 USC § 206(d)(1).

42. The differential in pay between similarly situated male employees and Plaintiff Ryntz was due to gender and not to seniority, merit, quantity or quality of production, or a factor other than gender, as Plaintiff Ryntz often demonstrated to Defendants that she was equally or more qualified, performed more work.

43. Defendant caused, attempted to cause, contributed to, or caused the continuation of wage rate discrimination based on gender in violation of the EPA.

44. The foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 USC § 255(a). Because Defendant has willfully violated the EPA, a three-year statute of limitations applies to such violations pursuant to 29 USC § 255.

45. As a result of Defendant's conduct as alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to: lost earnings and earning capacity, lost career opportunities, lost benefits, and other financial loss, as well as emotional distress and mental anguish.

## COUNT II
## VIOLATION OF THE EQUAL PAY ACT AS TO PLAINTIFF SCHOEN

46. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

47. Defendant has discriminated against Plaintiff Schoen within the meaning of the EPA by providing her with lower pay than similarly situated male colleagues on the basis of her gender, female, even though Plaintiff performed similar duties and/or was qualified to perform similar duties requiring the same skill, effort, and responsibility of male counterparts.

48. Plaintiff is an "employee" as defined by 29 USC § 203(e); 29 USC § 206(a); 29 USC § 206(d); 29 CFR § 1620.1.

49. Defendant is an "employer" as defined by 29 USC § 203(d).

50. Plaintiff is a female employee who receives and continues to receive less compensation than similarly situated male employees for performing substantially equal work that requires equal skill, effort, and responsibility, and was/is performed under similar working conditions.

9

51. Defendant violated the EPA by paying lower wages to Plaintiff Schoen, a female employee, than it paid to meal employees for equal work that required equal skill, effort, and responsibility and that were/are performed under similar working conditions. *See* 29 USC § 206(d)(1).

52. The differential in pay between similarly situated male employees and Plaintiff Schoen was due to gender and not to seniority, merit, quantity or quality of production, or a factor other than gender, as Plaintiff Schoen often demonstrated to Defendants that she was equally or more qualified and performed more work than male colleagues who received additional compensation.

53. Defendant caused, attempted to cause, contributed to, or caused the continuation of wage rate discrimination based on gender in violation of the EPA.

54. The foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 USC § 255(a). Because Defendant has willfully violated the EPA, a three year statute of limitations applies to such violations pursuant to 29 USC § 255.

55. As a result of Defendant's conduct as alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to: lost

earnings and earning capacity, lost career opportunities, lost benefits, and other financial loss, as well as emotional distress and mental anguish.

## COUNT III
## VIOLATION OF TITLE IX AS TO PLAINTIFF RYNTZ

56. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

57. Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. §1681(a).

58. Defendant makes up an education program that receives Federal financial assistance within the meaning of Title IX.

59. In *North Haven Board of Education v. Bell*, the Supreme Court expressly recognized that "Title IX proscribes gender discrimination [against its employees and students] in education programs or activities receiving federal financial assistance." 456 U.S. 512, 514, 102 S.Ct. 1912, 72 L.Ed.2d 299 (1982).

60. Plaintiff Ryntz' female gender makes her a member of a protected class.

61. Plaintiff Ryntz suffered adverse employment actions where Defendant continuously and systematically deprived her of employment opportunities

involving additional compensation that were assigned to her male counterparts and subjected her to the preferential treatment of her male counterparts.

62. Plaintiff Ryntz was qualified for her position and was qualified to accept opportunities for additional compensation.

63. Defendants violated Title IX by treating Plaintiff Ryntz's comparable male counterparts more favorably by assigning them overages and providing them with an opportunity to teach a course during their planning periods, both of which involved additional compensation that Defendant did not offer to Plaintiff Ryntz.

64. Plaintiff is a female employee who receives and continues to receive less compensation than similarly situated male employees for performing substantially equal work that requires equal skill, effort, and responsibility, and was/is performed under similar working conditions.

65. The differential in pay between similarly situated male employees and Plaintiff Ryntz was due to gender and not to seniority, merit, quantity or quality of production, or a factor other than gender, as Plaintiff Ryntz often demonstrated to Defendants that she was equally or more qualified and performed more work than male colleagues who received additional compensation.

66. As a result of Defendant's conduct as alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to: lost earnings and earning capacity, lost career opportunities, lost benefits, and other financial loss, as well as emotional distress and mental anguish.

## COUNT IV
## VIOLATION OF TITLE IX AS TO PLAINTIFF SCHOEN

67. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

68. Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. §1681(a).

69. Defendant makes up an education program that receives Federal financial assistance within the meaning of Title IX.

70. In *North Haven Board of Education v. Bell*, the Supreme Court expressly recognized that "Title IX proscribes gender discrimination [against its employees and students] in education programs or activities receiving federal financial assistance." 456 U.S. 512, 514, 102 S.Ct. 1912, 72 L.Ed.2d 299 (1982).

71. Plaintiff Schoen's female gender makes her a member of a protected class.

72. Plaintiff Schoen suffered adverse employment actions where Defendant continuously and systematically deprived her of employment opportunities involving additional compensation that were assigned to her male counterparts and subjected her to the preferential treatment of her male counterparts.

73. Plaintiff Schoen was qualified for her position and was qualified to accept opportunities for additional compensation.

74. Defendant violated Title IX by treating Plaintiff Shoen's comparable male counterparts more favorably by assigning them overages and providing them with an opportunity to teach a course during their planning periods, both of which involved additional compensation that Defendant did not offer to Plaintiff Schoen.

75. The differential in pay between similarly situated male employees and Plaintiff Schoen was due to gender and not to seniority, merit, quantity or quality of production, or a factor other than gender, as Plaintiff Schoen often demonstrated to Defendants that she was equally or more qualified and performed more work than male colleagues who received additional compensation.

76. As a result of Defendant's conduct as alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to: lost

earnings and earning capacity, lost career opportunities, lost benefits, and other financial loss, as well as emotional distress and mental anguish.

## COUNT V
## VIOLATION OF THE ELCRA AS TO PLAINTIFF RYNTZ

77. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

78. Defendant has discriminated against Plaintiff Ryntz within the meaning of the Elliott-Larsen Civil Rights Act ("ELCRA") by discriminating against her with respect to the terms, conditions, and privileges of her employment, including but not limited to compensation, on the basis of her female gender.

79. At all relevant times, Plaintiff was an employee and Defendant was her employer, covered by and within the meaning of the ELCRA. *See* MCL § 37.2201 *et seq*.

80. Plaintiff Ryntz' sex was at least one factor in Defendant's decision to compensate Plaintiff Ryntz less compared to similarly situated male employees.

81. Plaintiff Ryntz' sex was at least one factor in Defendant's decision not to assign her overages and to instead assign them to similarly situated male employees.

82. The differential in pay between similarly situated male employees and Plaintiff Ryntz was not due to seniority, merit, quantity or quality of production, or a factor other than sex, but was due to sex, as Plaintiff Ryntz often demonstrated to Defendants that she was equally or more qualified and performed more work than male colleagues who received additional compensation.

83. Defendant caused, attempted to cause, or contributed to the continuation of discrimination against Plaintiff Ryntz based on sex, in violation of the ELCRA.

84. Defendant discriminated against Plaintiff Ryntz on the basis of her sex by withholding class overage assignments from her, subjecting her to the discriminatory denial of compensation incentives, and other forms of discrimination in compensation and employment opportunity in violation of the ELCRA.

85. Defendant, through its agents, representatives, and employees, treated Plaintiff differently from similarly situated male employees in the terms and conditions of her employment based on an unlawful consideration of sex.

86. Defendant's actions as described in the foregoing paragraphs were intentional and in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff Ryntz.

87. As a result of Defendant's conduct as alleged in this Complaint, Plaintiff Ryntz has suffered and continues to suffer harm, including but not limited to: lost earnings and earning capacity, lost career opportunities, lost benefits, and other financial loss, as well as emotional distress and mental anguish.

## COUNT VI
## VIOLATION OF THE ELCRA AS TO PLAINTIFF SCHOEN

88. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

89. Defendant has discriminated against Plaintiff Schoen within the meaning of the Elliott-Larsen Civil Rights Act ("ELCRA") by discriminating against her with respect to the terms, conditions, and privileges of her employment, including but not limited to compensation, on the basis of her female gender.

90. At all relevant times, Plaintiff was an employee and Defendants was her employer, covered by and within the meaning of the ELCRA. *See* MCL § 37.2201 *et seq.*

91. Plaintiff Schoen's sex was at least one factor in Defendant's decision to compensate Plaintiff Schoen less compared to similarly situated male employees.

92. Plaintiff Schoen's sex was at least one factor in Defendant's decision not to assign her overages and to instead assign them to similarly situated male employees.

93. The differential in pay between similarly situated male employees and Plaintiff Schoen was not due to seniority, merit, quantity or quality of production, or a factor other than sex, but was due to sex, as Plaintiff Schoen often demonstrated to Defendant that she was equally or more qualified and performed more work than male colleagues who received additional compensation.

94. Defendant caused, attempted to cause, or contributed to the continuation of discrimination against Plaintiff Schoen based on sex, in violation of the ELCRA.

95. Defendant discriminated against Plaintiff Schoen on the basis of her sex by withholding class overage assignments from her, subjecting her to the discriminatory denial of compensation incentives, and other forms of discrimination in compensation and employment opportunity in violation of the ELCRA.

96. Defendant, through its agents, representatives, and employees, treated Plaintiff differently from similarly situated male employees in the terms and conditions of her employment based on an unlawful consideration of sex.

97. Defendant's actions as described in the foregoing paragraphs were intentional and in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff Schoen.

98. As a result of Defendant's conduct as alleged in this Complaint, Plaintiff Schoen has suffered and continues to suffer harm, including but not limited to: lost earnings and earning capacity, lost career opportunities, lost benefits, and other financial loss, as well as emotional distress and mental anguish.

WHEREFORE, Plaintiffs Amy Ryntz and Ashlee Schoen pray that this Honorable Court enter a judgment in their favor against Defendant Warren Consolidated Schools in an amount that this Court deems fair and just, plus costs, interest and attorney fees.

## JURY DEMAND

Plaintiffs Amy Ryntz and Ashlee Schoen hereby demand a trial by jury of the within cause.

STEMPIEN LAW, PLLC

*/s/ Eric Stempien*
Eric Stempien (P58703)
Attorneys for Plaintiff

Dated:  July 17, 2023