UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY RYNTZ and ASHLEE SCHOEN,

        Plaintiffs,                Judge Laurie J. Michelson
                                Magistrate Judge Anthony P. Patti
v                                   No. 23-11707

WARREN CONSOLIDATED SCHOOLS,

        Defendant.
_____/

| | |
|---|---|
| ERIC STEMPIEN (P58703) | TIMOTHY J. MULLINS (P28021) |
| STEMPIEN LAW, PLLC | KENNETH B. CHAPIE (P66148) |
| *Attorney for Plaintiffs* | ANNABEL F. SHEA (P83750) |
| 38701 Seven Mile Rd., Suite 130 | GIARMARCO, MULLINS & HORTON, P.C. |
| Livonia, MI 48152 | *Attorneys for Defendant* |
| (734)744-7002 | 101 W. Big Beaver Road, 10th Floor |
| eric@stempien.com | Troy, MI 48084-5280 |
| | (248) 457-7020 |
| NADINE DABAJA (P85734) | tmullins@gmhlaw.com |
| *Attorney for Plaintiffs* | ashea@gmhlaw.com |
| 835 Mason St., Suite A-310 | kchapie@gmhlaw.com |
| Dearborn, MI 48124 | |
| (313) 415-9554 | |
| Ndabaja2@gmail.com | |

## **ANSWER**

      Defendant, WARREN CONSOLIDATED SCHOOLS, by and through its attorneys, GIARMARCO, MULLINS & HORTON, P.C., states its answer to Plaintiffs' Complaint as follows:

## **JURISDICTION, PARTIES, AND VENUE**

      1.      In answer to paragraph 1, Defendant neither admits nor denies the

allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.

2.     In answer to paragraph 2, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.

3.     In answer to paragraph 3, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs. Defendant affirmatively avers that Warren Consolidated Schools is a Michigan Public School District performing a governmental function in Macomb County, Michigan, to wit, providing a public education to students within the district and, as such, the school is a governmental agency and is immune from suit herein.

4.     In answer to paragraph 4, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.

5.     In answer to paragraph 5, Defendant denies the allegations contained therein for the reason that they are untrue.

6.     In answer to paragraph 6, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leaves Plaintiffs to their proofs thereon

with a final determination to be made by the Court.

7.     In answer to paragraph 7, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leaves Plaintiffs to their proofs thereon with a final determination to be made by the Court.

## **BACKGROUND FACTS**

8.     In answer to paragraph 8, Defendant hereby incorporates by reference its responses contained in paragraphs 1 through 7 inclusive, as if fully set forth herein.

9.     In answer to paragraph 9, Defendant admits the allegations contained therein.

10.     In answer to paragraph 10, Defendant admits that Plaintiff Ryntz was employed for a period of time. Defendant neither admits nor denies the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.

11.     In answer to paragraph 11, Defendant admits that Plaintiff Schoen was employed for a period of time. Defendant neither admits nor denies the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.

12.     In answer to paragraph 12, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs. Defendant affirmatively avers that Plaintiff Ryntz was employed pursuant to a collection bargaining contract that governed the terms and conditions of her employment.

13.     In answer to paragraph 13, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs. Defendant affirmatively avers that Plaintiff Schoen was employed pursuant to a collection bargaining contract that governed the terms and conditions of her employment.

14.     In answer to paragraph 14, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.

15.     In answer to paragraph 15,  Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.

16.     In answer to paragraph 16, Defendant denies the allegations contained therein for the reason that they are untrue.

17.     In answer to paragraph 17, Defendant denies the allegations contained therein for the reason that they are untrue.

18.     In answer to paragraph 18, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.

19.     In answer to paragraph 19, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.

20.     In answer to paragraph 20, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.

21.     In answer to paragraph 21, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.

22.     In answer to paragraph 22, Defendant denies the allegations contained therein for the reason that they are untrue.

23.     In answer to paragraph 23, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.

24.     In answer to paragraph 24, Defendant denies the allegations contained therein for the reason that they are untrue.

25.     In answer to paragraph 25, Defendant denies the allegations contained therein for the reason that they are untrue.

26.     In answer to paragraph 26, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.

27.     In answer to paragraph 27, Defendant denies the allegations contained therein for the reason that they are untrue.

28.     In answer to paragraph 28, Defendant denies the allegations contained therein for the reason that they are untrue.

29.     In answer to paragraph 29, Defendant denies the allegations contained therein for the reason that they are untrue.

30.     In answer to paragraph 30, Defendant denies the allegations contained therein for the reason that they are untrue.

31.     In answer to paragraph 31, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.

32.     In answer to paragraph 32, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.

33.     In answer to paragraph 33, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.

34.     In answer to paragraph 34, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.

35.     In answer to paragraph 35, Defendant denies the allegations contained therein for the reason that they are untrue.

<u>COUNT I</u>
<u>VIOLATION OF THE EQUAL PAY ACT AS TO PLAINTIFF RYNTZ</u>

36.     In answer to paragraph 36, Defendant hereby incorporates by reference its responses contained in paragraphs 1 through 35 inclusive, as if fully set forth herein.

37.     In answer to paragraph 37, Defendant denies the allegations contained therein for the reason that they are untrue.

38.     In answer to paragraph 38, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leaves Plaintiffs to their proofs thereon with a final determination to be made by the Court.

39.     In answer to paragraph 39, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law,

rather than allegations of fact, and, therefore, leaves Plaintiffs to their proofs thereon with a final determination to be made by the Court.

40.     In answer to paragraph 40, Defendant denies the allegations contained therein for the reason that they are untrue.

41.     In answer to paragraph 41, Defendant denies the allegations contained therein for the reason that they are untrue.

42.     In answer to paragraph 42, Defendant denies the allegations contained therein for the reason that they are untrue.

43.     In answer to paragraph 43, Defendant denies the allegations contained therein for the reason that they are untrue.

44.     In answer to paragraph 44, Defendant denies the allegations contained therein for the reason that they are untrue.

45.     In answer to paragraph 45, Defendant denies the allegations contained therein for the reason that they are untrue.

## COUNT II
## VIOLATION OF THE EQUAL PAY ACT AS TO PLAINTIFF SCHOEN

46.     In answer to paragraph 46, Defendant hereby incorporates by reference its responses contained in paragraphs 1 through 45 inclusive, as if fully set forth herein.

47.     In answer to paragraph 47, Defendant denies the allegations contained therein for the reason that they are untrue.

8

48.    In answer to paragraph 48, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leaves Plaintiffs to their proofs thereon with a final determination to be made by the Court.

49.    In answer to paragraph 49, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leaves Plaintiffs to their proofs thereon with a final determination to be made by the Court.

50.    In answer to paragraph 50, Defendant denies the allegations contained therein for the reason that they are untrue.

51.    In answer to paragraph 51, Defendant denies the allegations contained therein for the reason that they are untrue.

52.    In answer to paragraph 52, Defendant denies the allegations contained therein for the reason that they are untrue.

53.    In answer to paragraph 53, Defendant denies the allegations contained therein for the reason that they are untrue.

54.    In answer to paragraph 54, Defendant denies the allegations contained therein for the reason that they are untrue.

55.    In answer to paragraph 55, Defendant denies the allegations contained therein for the reason that they are untrue.

## COUNT III
## VIOLATION OF TITLE IX AS TO PLAINTIFF RYNTZ

56.     In answer to paragraph 56, Defendant hereby incorporates by reference its responses contained in paragraphs 1 through 55 inclusive, as if fully set forth herein

57.     In answer to paragraph 57, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leaves Plaintiffs to their proofs thereon with a final determination to be made by the Court.

58.     In answer to paragraph 58, Defendant admits the allegations contained therein.

59.     In answer to paragraph 59, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leaves Plaintiffs to their proofs thereon with a final determination to be made by the Court.

60.     In answer to paragraph 60, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leaves Plaintiffs to their proofs thereon with a final determination to be made by the Court.

61.     In answer to paragraph 61, Defendant denies the allegations contained therein for the reason that they are untrue.

10

62.    In answer to paragraph 62, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.

63.    In answer to paragraph 63, Defendant denies the allegations contained therein for the reason that they are untrue.

64.    In answer to paragraph 64, Defendant denies the allegations contained therein for the reason that they are untrue.

65.    In answer to paragraph 65, Defendant denies the allegations contained therein for the reason that they are untrue.

66.    In answer to paragraph 66, Defendant denies the allegations contained therein for the reason that they are untrue.

## COUNT IV
## VIOLATION OF TITLE IX AS TO PLAINTIFF SCHOEN

67.    In answer to paragraph 67, Defendant hereby incorporates by reference its responses contained in paragraphs 1 through 66 inclusive, as if fully set forth herein.

68.    In answer to paragraph 68, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leaves Plaintiffs to their proofs thereon with a final determination to be made by the Court.

11

69.     In answer to paragraph 69, Defendant admits the allegations contained therein.

70.     In answer to paragraph 70, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leaves Plaintiffs to their proofs thereon with a final determination to be made by the Court.

71.     In answer to paragraph 71, Defendant neither admits nor denies the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leaves Plaintiffs to their proofs thereon with a final determination to be made by the Court.

72.     In answer to paragraph 72, Defendant denies the allegations contained therein for the reason that they are untrue.

73.     In answer to paragraph 73, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.

74.     In answer to paragraph 74, Defendant denies the allegations contained therein for the reason that they are untrue.

75.     In answer to paragraph 75, Defendant denies the allegations contained therein for the reason that they are untrue.

76.     In answer to paragraph 76, Defendant denies the allegations contained therein for the reason that they are untrue.

## COUNT V
## VIOLATION OF THE ELCRA AS TO PLAINTIFF RYNTZ

77.     In answer to paragraph 77, Defendant hereby incorporates by reference its responses contained in paragraphs 1 through 76 inclusive, as if fully set forth herein.

78.     In answer to paragraph 78, Defendant denies the allegations contained therein for the reason that they are untrue.

79.     In answer to paragraph 79, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.

80.     In answer to paragraph 80, Defendant denies the allegations contained therein for the reason that they are untrue.

81.     In answer to paragraph 81, Defendant denies the allegations contained therein for the reason that they are untrue.

82.     In answer to paragraph 82, Defendant denies the allegations contained therein for the reason that they are untrue.

83.     In answer to paragraph 83, Defendant denies the allegations contained therein for the reason that they are untrue.

84.     In answer to paragraph 84, Defendant denies the allegations contained therein for the reason that they are untrue.

85.     In answer to paragraph 85, Defendant denies the allegations contained therein for the reason that they are untrue.

86.     In answer to paragraph 86, Defendant denies the allegations contained therein for the reason that they are untrue.

87.     In answer to paragraph 87, Defendant denies the allegations contained therein for the reason that they are untrue.

## COUNT VI
## VIOLATION OF THE ELCRA AS TO PLAINTIFF SCHOEN

88.     In answer to paragraph 88, Defendant hereby incorporates by reference its responses contained in paragraphs 1 through 87 inclusive, as if fully set forth herein.

89.     In answer to paragraph 89, Defendant denies the allegations contained therein for the reason that they are untrue.

90.     In answer to paragraph 90, Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiffs to their proofs.

91.     In answer to paragraph 91, Defendant denies the allegations contained therein for the reason that they are untrue.

92. In answer to paragraph 92, Defendant denies the allegations contained therein for the reason that they are untrue.

93. In answer to paragraph 93, Defendant denies the allegations contained therein for the reason that they are untrue.

94. In answer to paragraph 94, Defendant denies the allegations contained therein for the reason that they are untrue.

95. In answer to paragraph 95, Defendant denies the allegations contained therein for the reason that they are untrue.

96. In answer to paragraph 96, Defendant denies the allegations contained therein for the reason that they are untrue.

97. In answer to paragraph 97, Defendant denies the allegations contained therein for the reason that they are untrue.

98. In answer to paragraph 98, Defendant denies the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendant, WARREN CONSOLIDATED SCHOOLS, respectfully requests that this Honorable Court enter an order of no cause of action as to Defendant, together with costs and attorney fees so wrongfully sustained.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant

DATED: November 13, 2023

## AFFIRMATIVE DEFENSES

Defendant, WARREN CONSOLIDATED SCHOOLS, by and through its attorneys, GIARMARCO, MULLINS & HORTON, P.C., states its Affirmative Defenses as follows:

1.　Plaintiffs cannot show that their gender was a motivating decision in work arrangements.

2.　Plaintiffs' claim is barred because any report they made was knowingly false.

3.　Plaintiffs' claims are barred by the statute of limitations and/or failure to give notice in a timely fashion.

4.　Defendant, in whole or in part, is entitled to absolute immunity.

5.　Defendant is entitled to qualified immunity because it did not violate any of Plaintiffs' clearly established rights.

6.　Plaintiffs' claims are barred, in whole or in part, by *Monell*.

7.　Plaintiffs were at-will employees.

8.　Defendant will show and rely upon at the time of trial that Plaintiffs were not capable of performing the essential elements of the job assignment they base their Complaint upon.

9.　Defendant will show and rely upon at the time of trial that Plaintiffs had a history of unsatisfactory work performance.

16

10.     Defendant will show and rely upon at the time of trial that, at all times, it was acting in good faith for legitimate non-discriminatory business reasons.

11.     Plaintiffs' claims are barred because the Defendant and its representatives exercised reasonable care to prevent and promptly correct any legitimate complaints by Plaintiffs.

12.     Plaintiffs' cause of action is barred because Plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant.

13.     Plaintiffs' Complaint fails to set forth a claim or cause of action upon which relief can be granted as prayed.

14.     Plaintiffs have failed to exhaust their contractual or administrative remedies provided by law or contract.

15.     Any conduct and/or actions complained of by Plaintiffs herein were authorized, consented to and have otherwise been released by Plaintiffs. Plaintiff voluntarily left her employment.

16.     Defendant will show at the time of trial that at all times pertinent hereto, it was engaged in the performance of governmental functions and is, therefore, immune from suit for civil damages for this claim pursuant to the principles of governmental immunity as set forth in the case law and statutes of this State and the United States.

17

17.    Plaintiffs' claims are barred, either in whole or in part, by the same-actor inference.

18.    Plaintiffs' claims or relief sought are barred because they have unclean hands.

19.    Plaintiffs have not taken reasonable steps to mitigate their damages, if any.

20.    Plaintiffs' injuries, if any, were caused by the actions of Plaintiffs or third parties.

21.    Defendant will show and rely upon at the time of trial that at all times, it was acting in good faith for legitimate non-discriminatory business reasons.

22.    Plaintiffs' claims are not justiciable.

23.    Plaintiffs are bound by the terms of their employment which they knowingly and freely entered into and from which she voluntarily resigned.

24.    Defendant will show and rely upon at the time of trial that Plaintiffs' claims are preempted by Federal law and State law.

25.    Defendant will show that Plaintiffs have failed to prove any deprivation of a Federal right, nor have Plaintiffs alleged or proven an act of deprivation taken under color of law sufficient to maintain an action based upon Title IX and/or the Fair Labor Standards Act, as amended by the Equal Pay Act of 1963, 42 USC 1983 or Title IX of the Education Amendments of the Civil Rights Act, 20 USC 1331 and

1343, et seq.

26.    Defendant will show at the time of trial that Plaintiffs were guilty of negligence or other conduct which contributed to the incident complained of, and their conduct in this regard was the sole or partial cause of any injury complained of, and Plaintiffs' recovery should be barred or diminished to the extent of such conduct.

27.    Plaintiffs' claim is barred by the expiration of the Statute of Limitations.

28.    Defendant will show and rely upon at the time of trial that there was no discriminatory intent.

29.    Defendant will show and rely upon at the time of trial that by her own actions, Plaintiff has released, waived, and/or is estopped from bringing the within causes of action as a result of her own voluntary resignation from employment and assumption of subsequent employment of a similar nature with another employer.

30.    Plaintiffs' Complaint is conclusory in nature and fails to state a claim and sufficient facts upon which relief can be granted as required by 42 USC 1983 and/or Title IX of the Education Amendments of the Civil Rights Act, 20 USC 1331 and 1343, et seq.

31.    Defendant will show that at all times relevant hereto, it acted without malice, ill will and in good faith in the performance of its duties and, as a result, is

immune from suit and recovery by Plaintiffs in this case.

32.     Defendant will show at the time of trial that it was guided by and strictly observed all legal duties and obligations imposed by law or otherwise; and further, that all actions of any of Defendant's agents, servants, employees or associates were careful, prudent, proper and lawful.

33.     Defendant will show and rely upon at the time of trial that all actions or activities complained of by Plaintiffs were voluntary and consensual on the part of Plaintiffs.

34.     Defendant reserves the right to amend or plead new affirmative defenses as additional facts are learned during discovery.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant

DATED: November 13, 2023

## RELIANCE UPON JURY DEMAND

Defendant, WARREN CONSOLIDATED SCHOOLS, by and through its attorneys, GIARMARCO, MULLINS & HORTON, P.C., hereby relies upon the jury demand previously filed by Plaintiffs as to all issues of trial.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant

DATED: November 13, 2023

20

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

TIMOTHY J. MULLINS states that on November 13, 2023, he did serve a copy of the **Answer, Affirmative Defenses and Reliance Upon Jury Demand** via the United States District Court electronic transmission.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021

21